■ CITY OF NEW YORK et al., Appellants, v WALL STREET SAUNA, INC., Respondent, et al., Defendants. [778 NYS2d 883]—

Order, Supreme Court, New York County (Louis B. York, J.), entered February 23, 2004, which, insofar as appealed from as limited by the briefs, denied plaintiffs' motion for provisional relief insofar as it sought an order closing defendant-respondent's entire premises pending determination of this action, unanimously reversed, on the law and the facts, without costs, such relief granted, and the matter remanded for further proceedings.

In this nuisance abatement action, the order appealed from granted plaintiffs a preliminary injunction against high-risk sexual activity, in violation of the State Sanitary Code (10 NYCRR 24-2.2), at the premises of defendant Wall Street Sauna, Inc. (WSS), but denied plaintiffs' motion insofar as it sought an order closing the premises pending determination of this action. Since that order was rendered, the IAS court, by order dated May 26, 2004, has granted plaintiffs a closing order with respect to the upper floor of WSS's premises. The partial closing order was granted on the basis of evidence showing that high-risk conduct was continuing at the premises, notwithstanding the preliminary injunction against toleration of such activity and WSS's promises to the court that new management would take steps to address the problem effectively.

On our review of the record on which the order appealed from was rendered, we reverse the IAS court's original denial of the City's application for a closing order, and grant such relief to the extent it has not already been granted. The record of proceedings on the original motion establishes to our satisfaction that high-risk conduct was so pervasive at this establishment that the new management's promises cannot be deemed a sufficient safeguard against its continuation. We note that the IAS court's limitation of the closing directive in its subsequent order to only a portion of the premises would probably cause

the high-risk conduct to migrate to the portion of the premises permitted to remain open, especially in view of the demonstrated unreliability of WSS's prior representations. Concur—Saxe, J.P., Sullivan, Williams, Friedman and Marlow, JJ.